IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Andrew Bennett, | ) | Civil Action No.  2:10-CV-1532-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In accordance with the provisions of 28 U.S.C. 636©; Fed. R. Civ. P. 73; and D.S.C. Local Rule 73.02(B)(1), the parties in this case have consented to have a United States Magistrate Judge conduct all proceedings in this case.  Based upon this consent, the case was referred to the undersigned for final disposition by Order of the Honorable Cameron McGowan Currie, United States District Judge, filed June 17, 2010. [Doc. 6.]

The plaintiff, Steven Andrew Bennett, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding his claim for disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 39 years old on his alleged onset date of disability, October 31, 2004, due to heart disease and diabetes.  ®. at 9, 27, 131-34, 142.)  He has a limited education, through seventh grade, and has worked as a loom fixer.  ®. at 17, 29, 48.)  The plaintiff claims disability on account of congenital heart disease, heart failure, shortness of breath and he still has chronic/recurring heart problems.

The plaintiff filed an application for DIB on May 31, 2007.  ®. at 131-34.)  His application was denied in initial and reconsidered determinations.  ®. at 59-60.)  After a hearing on October 5, 2009 ®. at 24-58), an Administrative Law Judge (ALJ) denied the plaintiff's claim on November 20, 2009, finding that the plaintiff did not prove he was

disabled on or before his insured status expired on December 31, 2004. ®. at 9-18). As the Appeals Council denied the plaintiff's request for review ®. at 1-5), the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> (1)     The claimant last met the insured status requirements of the Social Security Act on December 31, 2004.
>
> (2)     The claimant did not engage in substantial gainful activity during the period from his amended alleged onset date of October 31, 2004, through his date last insured of December 31, 2004 (20 CFR 404.1571 *et seq.*).
>
> (3)     Through the date last insured, December 31, 2004, the claimant had the following severe impairments: coronary artery disease, diabetes, mellitus and ischemic heart disease (20 CFR 404.1520©).
>
> (4)     Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, and 404.1526).
>
> (5)     After careful consideration of the entire record, I find that through the date last insured, December 31, 2004, the claimant had the residual functional capacity to perform simple, routine unskilled sedentary work as defined in 20 CFR 404.1567(a), with no lifting or carrying over 10 pounds; no prolonged standing or walking more than 15 minutes at one time, and 2 hours in an 8-hour day; in a temperature controlled environment.
>
> (6)     Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> (7)     The claimant was born on June 30, 1965, and was 39 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).
>
> (8)     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).
>
> (9)     Considering the claimant's age, education, work experience, and residual functional capacity, the claimant had

2

>acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d).
>
>(10)    The claimant has not been under a disability, as defined in the Social Security Act, at any time from October 31, 2004, the amended alleged onset date, through December 31, 2004, the date last insured (20 CFR 404.1520(g)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

>the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing

3

his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the

4

Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find him disabled. Specifically, the plaintiff contends that the ALJ erred in not giving any weight to the opinion of the plaintiff's treating physicians, Drs. Paul Kim and Asa Hatfield. The plaintiff has not discussed in great detail either the contents of those opinions or how the ALJ's consideration of them was deficient. (Pl. Brief at 3-4.) More importantly, the ALJ made a very precise finding concerning the plaintiff's treating physicians, namely that there was not any opinion of a treating physician, which concerned the condition of the plaintiff during the relevant period. ®. at 16.) The plaintiff's disability onset date was October 31, 2004 and his last date insured was December 31, 2004. *Id.* Accordingly, any of the various opinions of record concerning the condition of the plaintiff at other times is not in any particular conflict with the ALJ's conclusion. And, the plaintiff has not explained how it might be viewed otherwise.

The plaintiff, however, has emphasized that Dr. Kim did ultimately render an opinion that he was disabled as of October 31, 2004. ®. at 781.) That opinion was not provided until August 11, 2009, *id.*, and, consistent with the ALJ's view, there is no particular evidence that Dr. Kim examined him in the relevant period or any time prior to May 2007 ®. at 666-67). The plaintiff claims to have been examined by Dr. Kim in 2004, but the records, cited in support, indicate another physician. ®. at 375-80.) Also, Dr. Kim's opinion that the plaintiff was disabled, is of course, no medical opinion at all; it is a legal conclusion on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e); *Morgan v. Barnhart*, 142 F. App'x 716, 721-22 (4th Cir. 2005). This is particularly true where, here, Dr. Kim qualified his pronouncement by stating that disability was principally a function of "muscoloskeletal [sic] issues and not so much his heart." ®. at 781.) As a cardiologist, Dr. Kim's opinion was otherwise based on his assessment of the plaintiff's heart condition. *See id.*

5

The Court would concede that the issue is a marginally close one. It would have been preferable had the ALJ more expressly acknowledged Dr. Kim's attempted opinion concerning the plaintiff's condition as of October 31, 2004 and deflected it directly for the reasons cited above. But, the mere presence of Dr. Kim's opinion is not in contradiction with the ALJ's reasoning. The ALJ found no "opinion during the pertinent period." ®. at 16.) Dr. Kim's opinion came nearly 5 years after the "pertinent period." ®. at 781.) And, for the reasons discussed, the Court could not reasonably remand even for some technical error. The plaintiff has not offered any reason to conclude that the ALJ's determination concerning the treating physician opinions was not based in substantial evidence.

For these same reasons, any objection of the plaintiff concerning the ALJ's consideration of Dr. Hatfield is unpersuasive. In May 2009, Dr. Hatfield stated that he agreed with the plaintiff's (unnamed) cardiologist, presumably Dr. Kim, that the plaintiff "is unable to work and should be considered disabled." ®. at 757). For the reasons discussed above regarding Dr. Kim, the ALJ reasonably declined to adopt Dr. Hatfield's opinion. Dr. Hatfield did not render any opinion during or concerning the relevant period from October 31 to December 31, 2004. There is not even any indication that Dr. Hatfield meant to adopt the disability conclusion of Dr. Kim as it related to the plaintiff's condition in October 2004. The opinion is literally two sentences of impermissible legal conclusion and in no way contradicts the ALJ's reasoning. ®. at 757.)

## **CONCLUSION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and ORDERS that the decision of the Commissioner be affirmed.

IT IS SO ORDERED.

<u>S/ Bruce H. Hendricks</u>
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 9, 2011
Charleston, South Carolina